CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| FRED T. MORGAN, Reg. #06058-084, ) | Civil Action No. 7:05-cv-00224 |
| Petitioner, ) | Criminal Action No. 3:97-cr00083-001 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Fred T. Morgan, a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Morgan requests re-sentencing as a result of a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because Morgan's conviction became final more than one year ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). Morgan's conviction became final on October 1, 1998, when the ten-day period in which to file a notice of appeal expired. See Fed. R. App. Pro. 4(b)(1)(A)(i).

It appears that Morgan is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, this court has held that Blakely does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). In Booker, the Supreme Court merely applied the Blakely rule to the United States Sentencing Guidelines; the Court did not make the Blakely rule (or the Booker holding)

retroactive to cases on collateral review. In addition, because Morgan has admitted that he did not appeal his sentence, it is clear that his claims would be procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Because Morgan's petition is untimely, the court must dismiss his petition. In addition, even if his claims were timely, the rule in Blakely does not apply retroactively to Morgan's case.

Morgan argues that in the alternative, the court should consider his current motion under Fed. R. Civ. P. 60(b) because he has newly discovered evidence on which he relies. The Federal Rules of Civil Procedure apply only in federal civil actions, not in criminal cases. See Fed. R. Civ. P. 1. Therefore, the court finds no ground upon which Fed. R. Civ. P. 60(b) could provide authority for this court to overturn Morgan's criminal conviction. An appropriate order will be entered this day dismissing his petition.

ENTER: This 14th day of April, 2005

Senior United States District Judge