CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRED MORGAN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:05-cv-00224 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |

Petitioner Fred Morgan, a federal inmate, filed a motion for relief from judgment pursuant to Rule 60(b)(5).[1] Based on the nature of Morgan's claims, the court must construe the pleading as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). Because the court finds that Morgan's current motion is successive, the court must summarily dismiss the action. Morgan has also filed a motion for downward departure that must be denied.

I.

Paragraph 8 of § 2255 prohibits this court from considering a second or successive § 2255 motion unless the petitioner produces specific certification from the United States Court of Appeals for the Fourth Circuit. A motion under Fed. R. Civ. P. 60(b) to revisit a federal habeas court's denial on the merits of a § 2255 motion should be construed and dismissed as a successive habeas petition so as to prevent petitioners from using such a motion to circumvent the rule against successive petitions. See Gonzales v. Crosby, 125 S. Ct. 2641, 2649 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

The court dismissed Morgan's original claims in this action as meritless. In his Rule 60(b)

---

[1] Morgan listed his criminal case number on his Rule 60(b) motion. Clearly, a rule of civil procedure cannot entitle him to relief from a criminal judgment. Therefore, the clerk docketed the motion in this case, filed pursuant to 28 U.S.C. § 2255.

1

motion, Morgan seeks relief from that judgment, claiming that he should be re-sentencing based on a court decision that he just discovered. See United States v. Dale, 178 F.3d 429 (6th Cir. 1999). Discovery of new or additional case law is not a proper ground for relief from judgment under Rule 60(b). See Dowell v. State Farm Fire and Cas. Auto Ins. Co., 774 F. Supp. 996 (S.D. W.Va. 1991) (change of law after judgment has become final is not sufficient basis for vacating judgment). Furthermore, Morgan's argument that he was wrongfully sentenced does not demonstrate any error this court committed in reaching the challenged judgment in this civil case, and as such, states no ground for relief under Rule 60(b). Given the nature of his claims, the court must instead construe Morgan's 60(b) motion as a second § 2255 motion. Furthermore, as Morgan offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss the current action without prejudice.

II.

Morgan's motion for downward departure must also be dismissed.[2] Morgan relies on cases decided during the direct appeal process and asserts that for the same reasons applied in those cases, this court should re-sentence him and grant him a downward departure from the advisory United States Sentencing Guidelines (USSG) because he has worked hard in prison to rehabilitate himself and because his ill mother needs him to care for her. The court sentenced Morgan in September 1998 to 180 months in prison for conspiracy to distribute narcotics. The court has no authority to grant a defendant's motion to modify a sentence already imposed unless the motion is based on a retroactive change to the sentencing guidelines. See 18 U.S.C. § 3582(c)(2). Morgan does not

---

[2] This motion for downward departure would most logically be addressed in Morgan's criminal case. As the motion has no merit in any event, however, the court will not direct the clerk to redocket the motion.

2

Case 7:05-cv-00224-JCT-mfu Document 19 Filed 01/31/06 Page 2 of 3 Pageid#: 56

demonstrate that any retroactive change to the sentencing guidelines applies to his case at this time. Moreover, Section 3582(c) expressly states that "[t]he court **may not** modify a term of imprisonment once it has been imposed except" upon a motion by the Bureau of Prisons or the government (based on substantial assistance under Rule 35) or other circumstances not present in Morgan's case. <u>See also</u> Rule 35, Federal Rules of Criminal Procedure (court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government or upon remand from court of appeals). Based on the foregoing, although the court commends Morgan for his rehabilitation efforts, the court must deny the motion for downward departure. A separate Final Order will be entered herewith.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 31st day of January, 2006.

_____
Senior United States District Judge

3